## WILLIAM W. RICE *vs.* CHARLES BAKER.

In an action to recover rent under a lease which by its terms is not assignable, if the lessee has been evicted from the demised premises before the expiration of the term, and both parties agree that the value of the unexpired term shall be set off against the claim for rent, it is erroneous to rule that the fact that the lease is not assignable is immaterial, in the estimation of such value.

CONTRACT, brought by the assignee of John P. Southgate, an insolvent debtor, for rent of premises under a lease from Southgate to the defendant, for five years from April 1, 1857.

At the trial in the superior court, it appeared that the defendant hired the premises and fitted them up for his own use, and intended to remain in occupation thereof to the end of the term, but was evicted without his consent by Charles White, who had a paramount title. The lease contained a covenant by Southgate for quiet enjoyment, and one by the defendant not to assign the lease or underlet the premises without Southgate's consent. There was no evidence as to the market value of the lease. By the request of both parties, *Morton,* J. instructed the jury that,

in consequence of the eviction, the defendant was entitled to set off against the plaintiff's claim the value of the unexpired term under the lease. The plaintiff's counsel argued to the jury that the unexpired term was of no value, in consequence of the defendant's covenant above referred to ; but the judge instructed the jury that, in applying the rule of damages adopted in the case, this covenant would be immaterial. After the charge, the plaintiff's counsel requested the judge to instruct the jury that, in estimating the value of the unexpired term, they might take into consideration the fact that the lease by its terms was not assignable ; but the judge refused to change the above instructions. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*T. L. Nelson,* for the plaintiff.

*H. Williams,* for the defendant.

METCALF, J. The court cannot doubt that the value of a leasehold estate may be greater when it is assignable than when it is not.

In this case it appeared, at the trial, that the defendant fitted up the premises that were leased to him, and intended to occupy them for his own use during the term ; and the judge instructed the jury that, in estimating the damages sustained by the defendant, by reason of his being evicted, the fact, that the lease was not assignable without the lessor's consent, was immaterial. But the defendant's affairs or his purposes might have changed ; and it is manifestly a diminution of the value of property, that its beneficial enjoyment must depend upon the continuance of the purposes, condition or employment of its possessor, or on the will of another person.

The refusal of the judge to instruct the jury, when expressly requested, that they might, in estimating the value of the unexpired term, take into consideration the circumstance that the lease was not assignable, shows that his previous instruction that this was immaterial, was not what the defendant's counsel has suggested that it was, to wit, merely the intimation of an opinion on a question of fact. The plaintiff is therefore entitled to a new trial.                                    *Exceptions sustained.*